NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOAO VITOR PEREIRA DE ARAUJO, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 23-4123 Agency No. A220-286-626 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 4, 2024
Submission Withdrawn July 7, 2025
Resubmitted January 23, 2026**
Seattle, Washington

Before: W. FLETCHER, BERZON, and R. NELSON, Circuit Judges.

The remaining petitioner in this case, Joao Vitor Pereira de Araujo, a native

and citizen of Brazil, seeks review of the Board of Immigration Appeals ("BIA")

ruling rejecting his claims for asylum, withholding of removal, and Convention

Against Torture ("CAT") protection. We previously denied the petition for review

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* This case is resubmitted effective as of the file date of this disposition.

filed by his mother, Nara Cintia Pereira de Oliveira. *See Pereira de Oliveira v. Bondi*, No. 23-4123, 2025 WL 1248822 (9th Cir. Apr. 30, 2025).

Pereira de Araujo's petition for review is based on the same facts as those in his mother's petition. We review factual determinations underlying the denial of asylum, withholding of removal, and CAT claims for substantial evidence. *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022). For the reasons we denied his mother's petition, we deny Pereira de Araujo's petition, too.[1]

1.      Substantial evidence supports the BIA's denial of asylum. Pereira de Araujo, like his mother, did not demonstrate past persecution or an objectively reasonable fear of future persecution. *See Pereira de Oliveira*, 2025 WL 1248822, at *1. Pereira de Araujo's mother testified that the loan shark who threatened her former domestic partner had not threatened her or her children, nor physically harmed them. Nothing in the record suggests that Pereira de Araujo ever encountered the loan shark or that the loan shark would seek to harm him now that his mother and her former domestic partner have separated. Contrary to the assertions in Pereira de Araujo's brief, there is also no evidence suggesting that the loan shark was part of a larger criminal enterprise or that the loan shark had the capacity to threaten him or his mother even after they fled. Accordingly, his

---

[1]      Our decision has no bearing on Pereira de Araujo's eligibility for adjustment of status as a Special Immigrant Juvenile.

asylum claim fails.

2.      Substantial evidence supports the denial of Pereira de Araujo's withholding claim for the same reasons. To receive withholding, an applicant "must show a 'clear probability' of persecution because of a protected ground," a standard that requires establishing a greater likelihood of persecution than the asylum standard does. *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021) (quoting *Immigr. & Naturalization Serv. v. Stevic*, 467 U.S. 407, 429–30 (1984)). As Pereira de Araujo did not show a sufficiently reasonable fear of persecution to receive asylum, he necessarily failed to meet the more stringent withholding standard as well.

3.      Finally, substantial evidence supports the BIA's denial of CAT relief. A noncitizen seeking CAT protection must show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal," *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)), and that the torture would be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity," *id.* (quoting 8 C.F.R. § 1208.18(a)(1)).

As Pereira de Araujo did not demonstrate even a reasonable possibility of persecution if removed to Brazil, he necessarily failed to show that it is more likely

than not he would be tortured. *See, e.g.*, *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018) (explaining that torture "is more severe than persecution" (quoting *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005))). Further, neither Pereira de Araujo nor his mother presented any evidence that any torture would be inflicted by, or with the acquiescence of, the government. *See Pereira de Oliveira*, 2025 WL 1248822, at *2. His mother testified that she did not fear the police or any government official in Brazil. And no record evidence supports his argument that the Brazilian government "is incompetent to contain" the loan shark because of "pervasive police corruption and the absence of witness protection programs." Thus, Pereira de Araujo's CAT claim also fails.

**PETITION DENIED.**[2]

---

[2]     The stay of removal remains in place until the mandate issues.

23-4123